# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BARNETT, SR.<br>*Petitioner*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-2973 |
| VINCENT MOONEY, ET AL.<br>*Respondents*. | : | |

## MEMORANDUM

JONES, II    J.                                                          September 16, 2019

## I.    INTRODUCTION

Petitioner Robert Barnett, Sr. ("Barnett"), a prisoner serving a life sentence at the State Correctional Institution in Retreat, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 72.1.IV(c), the matter was referred to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R&R"). Judge Perkin ultimately recommended that the Petition be denied and no Certificate of Appealability be issued. In response, Barnett filed timely objections, to which the Commonwealth has responded. For the reasons stated below, this Court shall deny Petitioner's Habeas Petition without prejudice.

## II.    RELEVANT BACKGROUND

To the extent set forth below, the background provided in the R&R is not contested, therefore this Court shall rely on same. On September 8, 2001, Harry Renner ("victim") was working in the upstairs office of his restaurant in the Manayunk neighborhood of Philadelphia when he was robbed at gunpoint and fatally shot once in the head. (R&R 1.) At a jury trial proceeded over by the late Honorable David N. Savitt in the Philadelphia Court of Common

1

Pleas in November 2002, the Commonwealth relied on four main pieces of evidence: (1) Barnett's confession to police where he admits to driving the getaway car with no specific intent to kill the victim; (2) Barnett's confession to an inmate, his girlfriend, and his friend Craig Walker; (3) Walker's testimony that Barnett attempted to recruit him for the robbery and witnessed an interaction with Barnett and Barnett's son, where the son told Barnett he did not have to shoot the victim; and, (4) Barnett's "sudden windfall" of money after the robbery. (R&R 15.)

Barnett was ultimately adjudged guilty of first-degree murder, robbery, burglary, conspiracy, and carrying a firearm without a license. (R&R 1.) On December 2, 2002, Barnett was sentenced to life imprisonment on the murder conviction, to be served concurrently with consecutive terms of five (5) to ten (10) years on the criminal conspiracy conviction, and three and one-half (3½) to seven (7) years on the firearms count. (R&R 1.)

Throughout his trial, Petitioner was represented by court-appointed counsel David Belmont, Esquire. Subsequent to trial, Belmont submitted Barnett's direct appeal to the Superior Court of Pennsylvania. On appeal, the Superior Court affirmed Barnett's conviction, but stated that even after receiving an extension, all three issues presented on appeal were subject to waiver "based upon Appellant's failure to draft a proper Statement of the Case and failure to properly develop his arguments." *Commonwealth v. Barnett*, 844 A.2d 1275, n.7 (Pa. Super. 2003) (unpublished memorandum), *allocator denied* 862 A.2d 1253 (Pa. 2004)). The Superior Court concluded with a suggestion that sanctions be imposed upon counsel for filing such a brief. *Id.* at n.7.

On October 5, 2009, Barnett's new attorney, Michael J. Malloy, Esquire, filed a timely petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §

9541, asserting claims of ineffective assistance of counsel and seeking to have Petitioner's direct appeal rights reinstated, *nunc pro tunc*. *Commonwealth v. Barnett*, 121 A.3d 534, 538 (Pa. Super. 2015). The PCRA Court addressed the ineffectiveness claims on the merits and denied the PCRA Petition in its entirety. The Superior Court later reversed the PCRA Court's decision solely as to the denial of the reinstatement of Petitioner's direct appeal rights, but refrained from addressing the merits of the ineffective assistance of counsel claims. *Id*. at 538.

In his reinstated *nunc pro tunc* appeal, Barnett raised claims of ineffective assistance of trial/initial direct appeal counsel. *Id*.; *see also Commonwealth v. Barnett*, 25 A.3d 371, 373 (Pa. Super. 2011) (en banc), *vacated*, 84 A.3d 1060 (Pa. 2014). The Superior Court determined Barnett's ineffective assistance of counsel claims were improper on direct appeal and affirmed the judgment of his sentence. *Barnett*, 25 A.3d at 376-77. However, this Order was vacated by the Pennsylvania Supreme Court and the case was remanded back to the PCRA Court[1] based upon a recent decision in the matter of *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), which held that ineffective assistance of counsel claims must be deferred to PCRA review unless accompanied by a PCRA waiver.

On November 6, 2014, Barnett returned to the PCRA Court and after participating in a waiver colloquy, waived his PCRA rights in order to proceed with his reinstated *nunc pro tunc* direct appeal. (PCRA Hr'g Tr. 1:2-9, Nov. 6, 2014.) This waiver permitted the Superior Court to address the following claims on the merits:

> 1. Trial Counsel and Appellate Counsel rendered ineffective assistance of Counsel for failing to properly preserve and file for appeal issues raised at trial regarding a) evidence of Appellant's flight from an unrelated incident as evidence of Appellant's guilt in the instant case; b) introduction of evidence of money seized from the defendant in an unrelated incident as evidence of "sudden wealth" of the Defendant from the instant case; c) the

---

[1] *Commonwealth v. Barnett*, 84 A.3d 1060 (Pa. 2014).

3

introduction of testimony and evidence of Appellant's arrest for a crime unrelated to the criminal charge for which he was on trial;
2. Trial Counsel was ineffective for failing to request an instruction that the charges which gave rise to the evidence of the defendant's flight and monies [sic] found on the defendant were unrelated to the charge for which he was on trial were dismissed for lack of prosecution;
3. That trial Counsel was ineffective in failing to object to the Commonwealth's closing argument where the prosecution argued that it need not prove a specific intent to kill in order to be found Guilty of Murder in the First Degree and was ineffective in failing to object to the trial Court's instruction that Appellant could be found Guilty of Murder in the First Degree on the acts, circumstantial or direct of an accomplice, co-conspirator thereby instructing the jury that the Commonwealth did not need to prove a specific intent to kill by appellant to be found Guilty of Murder in the First Degree.
4. That trial counsel was ineffective for failure to object to the introduction to or preserve for appeal and file for appeal in the introduction the testimony of Craig Walker of the testimonial statement of Defendant's son/co-Defendant Robert Barnett, Jr. that "you didn't have to shoot him";
5. That trial counsel failed to properly preserve or file an appeal to the introduction of unrelated criminal actions and/or prejudicial testimony relating to the Appellant that related to an Office Max Robbery in Plymouth Meeting Mall and a composite sketch pursuant to the defendant and the defendant's son;
6. That trial Counsel failed to fully and properly advise Appellant regarding his right to testify at trial and therefore the Appellant's decision not to testify was not fully knowing, involuntary, or intelligent including but not limited to being ineffective for failing to investigate defendant's access to cash money on Appellant's behalf that would have rebutted the prosecution's theory of "sudden wealth."

*Barnett*, 121 A.3d at 539-40 (quoting Appellant's Br. 4).[2]

Following submission of Barnett's reinstated direct appeal, the Superior Court applied Pennsylvania's state law standard for adjudicating ineffective assistance of counsel claims and affirmed judgment of sentence. *Id.* at 551. On December 22, 2015, the Pennsylvania Supreme Court summarily denied Barnett's appeal. *Commonwealth v. Barnett*, 128 A.3d 1204 (Pa. 2015).

---

[2] These claims are quoted directly from Appellant's Brief. The text is unaltered with inconsistent capitalization in the original.

On June 14, 2016, Barnett timely filed the instant *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1.) Additionally, Barnett filed a Supporting Memorandum of Law For Habeas Corpus Relief Pursuant to 28 U.S.C. §2254 on September 28, 2016, in which he restated the ineffective assistance of counsel claims included in his reinstated *nunc pro tunc* direct appeal. (Pet. Mem., ECF No. 16.) On April 13, 2017, the Commonwealth filed a Response to the Petition. (ECF No. 21.) Following this Response, Petitioner filed a Response to Respondent's Response to Petitioner's Memorandum of Law for Habeas Review on June 16, 2017, followed by an Amended Response to Respondent's Response on July 6, 2017. (ECF Nos. 23, 25.)

Included within Barnett's Habeas Petition are the following nine grounds for relief: the Commonwealth incorrectly asserted that Barnett never claimed he was innocent (Ground I); trial counsel was ineffective for failing to object to the prosecution's closing argument and the trial court's instruction regarding accomplice liability (Ground II); trial counsel was ineffective for not objecting to hearsay (Ground III); trial counsel was ineffective for not properly advising Barnett on his right to testify (Ground IV); trial counsel was ineffective for failing to object to and request cautionary instruction to the introduction of an unrelated case that had been withdrawn for lack of prosecution prior to this trial (Ground V); trial/initial direct appeals' counsel was ineffective for not filing Appellant's Direct Appeal Brief properly and for continuing to represent Barnett after Barnett filed a motion to remove him as counsel prior to the trial (Ground VI); the Commonwealth incorrectly asserted that Barnett signed a confession (Ground VII); the trial court judge "led" the medical examiner to change the time of death (Ground VIII); and, the Superior Court abused its discretion (Ground IX). (Hab. Pet., ECF No. 1-1 at 2-3.)

On January 28, 2019, United States Magistrate Judge Henry S. Perkin issued a Report and Recommendation, in which he recommended that the Petition be denied. (ECF No. 27.) In reaching his conclusions, Judge Perkin determined that the nine grounds listed in the Petition and Supplement were not consistent with the claims raised in the Reinstated Direct Appeal. Because of this discrepancy, Judge Perkin proceeded with an AEDPA review of the reasserted grounds filed in Petitioner's Memorandum that were consistent with his Reinstated Direct Appeal, and did not review the procedurally defaulted claims in Grounds I, III, VII, VIII, and IX. (R&R 8.) The R&R found no basis upon which the default could be excused because of Barnett's PCRA waiver. (R&R 8.) For the remaining claims under review, Judge Perkin found each meritless and recommended that the Petition be denied, as well as any Certificate of Appealability.

Petitioner objected to Judge Perkin's R&R, and the Commonwealth submitted a Response in Opposition thereto. (Obj., ECF No. 32; Resp. Opp'n, ECF No. 34.) The matter is now ripe for review by this Court.

### III. STANDARDS OF REVIEW

#### A. Objections to Report and Recommendation

When objections are filed to the R&R of a Magistrate Judge, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To that end,

> Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. See *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)).

> [W]hether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* 28 U.S.C. §636(b)(1); Local Rule 72.31.

*Sandstrom v. Ebbert*, Civil Action No. 3:19-0433, 2019 U.S. Dist. LEXIS 147655, at *2-3 (W.D. Pa. Aug. 29, 2019).

### B. Exhaustion and Procedural Default

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-66 ("AEDPA") deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from such state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the only possible means of obtaining this type of relief from state custody. *Benchoff v. Colleran*, 404 F.3d 812 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001).

By means of the AEDPA, Congress also created a series of intentionally restrictive gate-keeping conditions, which must be satisfied in order for a prisoner to prevail on a habeas petition. These procedures were enacted to support the policy of creating finality with respect to state and federal criminal prosecutions. One such gate-keeping procedure is the requirement of exhaustion. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1); *see also Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) ("[A] district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court.") (citing 28 U.S.C. § 2254(b)(1)). To accomplish this, federal habeas claims must first be "fairly

7

presented" to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Evans v. Court of Common Pleas*, 959 F.2d 1227,1231 (3d Cir. 1992) (citations omitted). A claim is deemed "fairly presented" when its "factual and legal substance" is put before the state courts "in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261(3d Cir. 1999). The burden of proving exhaustion always rests with the petitioner. *Coady*, 251 F.3d at 488 (citing *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993)).

Where a claim was not exhausted in state court, it is said to be procedurally defaulted. To bring a procedurally defaulted claim in federal proceedings, Petitioner must demonstrate either: (1) cause for the default and actual prejudice arising from the alleged violation of federal law; or that (2) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish the "cause" requirement, Petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). Additionally, the "prejudice" element requires the "petitioner [to] prove 'not merely that the errors at … trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id*. at 193 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Second, to establish a fundamental miscarriage of justice, Petitioner must demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-32 (1995).

### C. Merits Review

Where Petitioner's claims were adjudicated on the merits in state court, the AEDPA deference standard applies to this Court's review of the merits determination. *Rolan v. Coleman*, 680 F.3d 311, 321 (3d Cir. 2012). The AEDPA limits federal habeas review of state court

judgments. *Werts*, 228 F.3d at 195. In a merits determination, a petition for habeas corpus may only be granted if: (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or if (2) the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "While a factual determination by a state court is presumed to be correct under 28 U.S.C. § 2254(e)(1), a petitioner may rebut this presumption by clear and convincing evidence." *Sileo v. Rozum*, Civ. No. 12-3803, 2015 U.S. Dist. LEXIS 158463, at *52 (E.D. Pa. Nov. 23, 2015). Additionally, when a claim has been adjudicated on the merits in state court, federal habeas review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011).

## IV. DISCUSSION

### A. Barnett's PCRA Waiver

Petitioner's first objection pertains to his waiver of any subsequent post-conviction relief under Pennsylvania's Post Conviction Relief Act. (Obj. 2, ECF No. 32.) Specifically, Petitioner asserts that his counsel advised him to waive his PCRA rights and proceeded to submit an appeal that did not include all claims discussed. (Obj. 2, ECF No. 32.) Further, Petitioner uses this alleged ineffectiveness of counsel as a basis for submitting claims that were not appropriately presented to the state courts. In order to resolve this problem, Barnett requests that the instant Petition be denied without prejudice, thereby providing him with an opportunity to present his unexhausted claims to the state court.[3] (Obj. 3, ECF No. 32.)

---

[3] The doctrine of "exhaustion of state remedies" requires a federal habeas petitioner to present all claims to the state courts prior to seeking relief from the federal courts. 28 U.S.C. § 2254. However, the exhaustion requirement does not apply in cases where the state courts would not

9

Federal courts reviewing a habeas petition generally refuse to hear procedurally defaulted claims "pursuant to an independent and adequate state procedural rule." *Johnson v. Lee*, 136 S. Ct. 1802, 1803-04 (2016). An "adequate" state rule must be "firmly established and regularly followed." *Id.* To be firmly established and regularly followed, "(1) the state procedural rule [must] speak in unmistakable terms; (2) all state appellate courts [must] refuse to review the petitioner's claims on the merits; (3) and [this] refusal [must be] consistent with other decisions." *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007). The test is not met here.

When determining if Barnett's claims in his Reinstated Direct Appeal could be adjudicated on the merits, the Supreme Court of Pennsylvania remanded Barnett's case for further proceedings consistent with *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013). *Holmes* was decided approximately three months prior to the Supreme Court of Pennsylvania's decision to remand Barnett's case and require a PCRA waiver. Not only was this PCRA waiver process new, but all justices deciding *Holmes*—with the exception of Chief Justice Castille—voiced their concerns with the PCRA waiver component. *Id*.

*Holmes* upheld *Grant*'s general rule of deferring ineffective assistance of counsel claims to collateral review and disapproved of *Bomar's* expansive exception to this rule. *Holmes*, 79 A.3d at 598 (citing *Commonwealth v. Bomar*, 826 A.2d 831, 854-55 (Pa. 2003) (recognizing an exception to the *Grant* rule when claims were already presented to the trial court)); *see also Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (holding a "petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."). Instead of relying on the *Bomar* exception, the Supreme Court of Pennsylvania created two of its own exceptions to

---

consider the unexhausted claims because they are procedurally defaulted. *Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004). Here, Barnett has waived his PCRA rights and therefore cannot present his unexhausted claims to the state court.

10

*Grant's* general rule of deferral by allowing unitary review where: (1) "a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice" and (2) "the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness" but only if there is good cause shown, and a waiver of PCRA rights. *Holmes*, 79 A.3d at 564. Additionally, *Holmes* held that this waiver must include an "express recognition that the wavier subjects further collateral review to the time and serial petition restrictions of the PCRA." *Id*. at 564. Here, Barnett used the second exception in *Holmes* to approach the Superior Court with good cause and a PCRA waiver so that he could pursue claims that had been deemed waived or insufficiently briefed on direct appeal.

In reaching its result, the court in *Holmes* recognized that "PCRA review is designed to embrace all cognizable claims deemed worth pursuing, in counsel's judgment." *Id*. at 579. Therefore, *Holmes* stressed the importance of counsel's analysis of claims other than ineffectiveness and advised that unitary review "should not be pursued where it may compromise the fullness of the defendant's options for collateral attack represented by the PCRA, absent an appropriate waiver." *Id*. at 580.

In this case, Barnett's second attorney chose to relinquish Barnett's options for collateral attack in order to avoid a duplicative process. (Appellant's Supp. Br. 9-10.) Time was not of the essence, as Barnett was facing a life sentence, yet counsel declined to relitigate the ineffective assistance of counsel claims that had already received "a full evidentiary hearing during which Barnett and trial counsel testified." *Barnett*, 25 A.3d at 373. (Resp. Obj. 3.) What was not discussed with Barnett at his colloquy, was the substantial deprivation of rights that were inevitably traded for expediency. Counsel advised Barnett that he was "in essence waiving [his]

11

right to file a PCRA later." (PCRA Hr'g Tr. 1:6, Nov. 6, 2014.) Counsel described this as a rare situation where Barnett's "direct appeal and [his] PCRA appeal, have been combined[,]"and waiver of the latter was necessary for the case to move forward. (PCRA Hr'g Tr. 1:5 Nov. 6, 2014.) However, absent this PCRA waiver, Barnett could have presented other claims to the PCRA court, including some claims described in the Habeas Petition that were not included in his Reinstated Direct Appeal but were included in prior briefs. Counsel failed to present this option in the colloquy, and further failed to explain to Barnett that he was essentially waiving all ability to bring forth IAC claims against his current attorney.

Finally, *Holmes* warns of the potential risk associated with a waiver of PCRA rights in a case that is "more involved and complicated." *Id*. at 580. Recognizing that Barnett has an array of cognizable claims, both IAC and non-IAC, this case is one that is "more involved and complicated." In the R&R, Judge Perkin acknowledges claims that stem from trial court error, but are improperly labeled as ineffective assistance of counsel claims. For example, Judge Perkin states "[a]s the Superior Court took pains to note, the Hobson's choice Barnett claims he had to confront was not a product of trial counsel's act or failure to act; it resulted from the decision the trial court took on the motion Barnett's counsel indisputably filed." (R&R 13.) As such, issues were improperly framed on the reinstated direct appeal (and mirrored in the instant Petition), thereby resulting in the omission of proper claims. Moreover, Judge Perkin's R&R lists five other accessible grounds that are rendered unexhausted and procedurally defaulted because of this PCRA waiver. (R&R 8.) Although *Holmes* does not provide a detailed description of a "more complicated and involved" case, this Court concludes from the state court record and Judge Perkin's R&R that Mr. Barnett's case does fall within this description.

This Court's review of the record indicates that the advisory warnings disseminated throughout *Holmes* were not heeded in this case. In particular, Pennsylvania Supreme Court Justice Max Baer cautioned defendants to only use the PCRA waiver "where they would otherwise lose PCRA review entirely if not invoked imminently," such as when the defendant is serving a short sentence. *Holmes*, 79 A.3d at 587. In this case, Barnett was facing a life sentence for murder. Justice Baer insightfully added that "presentation of routine ineffectiveness claims on direct appeal in exchange of waiver of subsequent PCRA review would be unwise and highly prejudicial." *Id*. at 587. Further, Justice Debra Todd stated "it is difficult to imagine situations in which competent counsel—again, outside of the short sentence scenario—could credibly invoke [this waiver]." *Id*. at 594. As noted by the advisory warnings given in both the majority and concurring opinions, *Holmes* constituted unestablished law and disagreement as to who should utilize it at the time it was applied to Petitioner's case. Because of the disagreement, there was confusion as to the terms and expectations of this waiver process. Therefore, at the time Barnett waived his PCRA rights, this state procedural rule did not speak in unmistakable terms and was therefore not "clearly established."

With regard to the state appellate courts' review of Barnett's claims, both the Superior Court and Supreme Court of Pennsylvania grappled with the appropriate procedural steps Barnett was required to take. In the Superior Court opinion, the Honorable Jacqueline O. Shogan stated "[a]lthough the learned Majority aptly addresses the multiple concerns associated with this unclear area of law, I do not believe it is appropriate that this Court create a bright-line rule of waiver given the current state of the law and apply it to the instant case." *Barnett*, 25 A.3d at 377. The opinion is laced with uncertainty and leaves this Court to view the state procedural rule as inadequate at the time of Barnett's PCRA waiver. Thus, this Court is not required to decide

13

based upon the consequences of this state procedural rule. *Johnson*, 136 S. Ct. at 1803-04. Neither the courts nor the attorneys had a firm understanding of this unestablished area of law. Accordingly, it would be a true miscarriage of justice to relinquish the remaining rights of this Petitioner because of conceivable errors by not one, but two attorneys.

Assuming *arguendo* this Court was to find that the procedural state rule was firmly established at the time of Barnett's procedural default, the waiver colloquy itself does not follow the guidelines vaguely set forth in *Holmes*. The Third Circuit has acknowledged that "AEDPA heightened the level of deference accorded to state court determinations[.]" However, this deference does not apply to a waiver issue because the Third Circuit recognizes that a question of waiver validity does not entitle a petitioner to relief on the merits of a habeas petition and is therefore not a "claim." *Fahy v. Horn*, 516 F.3d 169, 180 (3d Cir. 2008). Notwithstanding, the Third Circuit has opined that:

> [W]hen the state court's waiver colloquy fails to reveal whether the requirements of a valid waiver have been met due to procedural infirmities, substantive deficiencies, and an insufficient probing into a defendant's knowledge of the rights he is waiving, the findings by that court are too unreliable to be considered "factual determinations."

*Id*. at 183.

Thus, this Court is not required to defer to the state court's determination that Barnett's waiver was valid if the colloquy fails to reveal whether the requirements have been met. *See also United States v. Mabry*, 536 F.3d 231, 237-38 (3d Cir. 2008) ("A court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it."). With this standard in mind, this Court finds the circumstances surrounding these "factual determinations" of the state court problematic in light of this Petitioner's unusual circumstances and life sentence. To be clear, this Court is *not* concluding that *all* PCRA waivers are invalid. As discussed in the

14

concurring opinions presented in *Holmes*, there are instances when the waiver of collateral review would be deemed strategic and justified. *See Glass v. Lane*, No. 16-0154, 2017 U.S. Dist. LEXIS 121022, at *24 (E.D. Pa. July 31, 2017) (holding "waiver of appellate rights that are contained in a guilty plea agreement are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice"); *see also Holmes*, 79 A.3d at 578-79 (acknowledging that short sentences can qualify as "good cause" to request direct review and waive PCRA rights). However, for an individual such as Barnett who is serving a life sentence and was at risk of forfeiting the right to pursue potentially meritorious issues, this waiver is inappropriate and unjustified.

An appropriate waiver must include an "express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." *Holmes,* 79 A.3d at 564. Barnett's waiver colloquy contained a very brief overlay of the purpose of the waiver and informed him of his inability to bring forth another PCRA petition. (PCRA Hr'g Tr. 1:2-9, Nov. 6, 2014.) However, this Court's review of the waiver reveals significant deficiencies. As noted above in *Holmes*, Justice Todd questioned "whether a defendant's waiver could truly be 'knowing'" in cases that are more involved and complicated. *Id*. at 594. Again, Barnett's case is more involved and complicated, with numerous cognizable claims.

Not only must this waiver be knowing and voluntary, but *Holmes* requires a waiver colloquy to indicate to the defendant that "all PCRA claims IAC and non-IAC" are waived and subsequent PCRA claims are subject to the sixty-day requirement of 42 Pa.C.S. § 9545(b). *Commonwealth v. Buterbaugh*, No. 1152 MDA 2017, 2018 Pa. Super. LEXIS 3738, at *11 (Pa. Super. Oct. 10, 2018); *see also Holmes*, 79 A.3d at 579-80. Here, counsel explained to Barnett that this waiver would relinquish any right to further PCRA review, but did not specifically

explain what that "PCRA review" would include. In particular, Petitioner was not informed that *all* claims, not just those of ineffective assistance of counsel, could no longer be brought forth in any capacity, unless they were presented in accordance with very limited exceptions that were not applicable to this case. (PCRA Hr'g Tr. 1:2-9 Nov. 6, 2014.)[4] With numerous possible claims and a life sentence at stake, the colloquy at issue in this case was inadequate to truly determine whether Barnett knowingly and voluntarily waived his PCRA rights.[5] Accordingly, this Court finds said waiver invalid, thereby resulting in a miscarriage of justice.

    **B.    Procedurally Defaulted Claims**

Barnett's remaining objections pertain to procedurally defaulted claims that must be remanded and fairly presented before the state courts.[6]

---

[4] Petitioner's briefing raised *Martinez v. Ryan*, 566 U.S. 1 (2012) as a basis for relief and Judge Perkin addressed same in his R&R. Because this Court finds Petitioner's *Holmes* waiver to be invalid, a discussion of *Martinez* at this juncture is not necessary.

[5] The fact that Barnett requested this Court to send him back to the PCRA court for further review of his unexhausted claims, sheds light on the fact that he truly did not know what he was waiving at the time of his colloquy. (Obj. 3, ECF No. 32.)

[6] Barnett's Objections reference a claim of ineffective assistance of trial counsel with regard to Gail Alvin's testimony, as well as a claim of cumulative error. (Obj. 2.) Neither of these claims have been fairly presented to the state courts.

## V. CONCLUSION

For the reasons set forth hereinabove, Barnett's Habeas Petition shall be dismissed without prejudice and he shall be afforded an opportunity to fully exhaust all claims in state court that were forfeited by reason of the defective PCRA waiver that occurred on November 6, 2014.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II  J.